# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5122 | **DATE** | 8/29/2000 |
| **CASE TITLE** | Melanie Fawkes vs. Continental Casualty Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. In sum, all eight of Continental's Ads are stricken, just as its Answer is stricken for the reasons stated earlier. Leave is granted to Continental to file an appropriate self-contained Amended Answer (including any properly assertable Ads) in this Court's chambers on or before September 11, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 3 1 2000 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | FILED FOR DOCKETING | IS | |
| | Mail AO 450 form. | 00 AUG 30 PM 4:06 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/29/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 31 2000

MELANIE FAWKES, )
 )
 Plaintiff, )
 )
v. ) No. 00 C 5122
 )
CONTINENTAL CASUALTY COMPANY, )
 )
 Defendant. )

## MEMORANDUM ORDER

Continental Casualty Company ("Continental") has filed its Answer and Affirmative Defenses to the ERISA-based Complaint brought against it by Melanie Fawkes ("Fawkes"). This memorandum order is issued sua sponte to require Continental's counsel to return to the drawing board to correct some obvious and substantial flaws in that responsive pleading.

To begin with, Continental's counsel has failed to comply with this District Court's LR 10.1:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

That requirement is most frequently adhered to by a defendant's actual copying of each of a complaint's allegations, with each being followed by the corresponding response. It is obviously intended to enable the reader to look at a single self-contained pleading to see exactly what is or is not placed at issue by the responses, rather than (as here) the reader's having to resort to looking back and forth between the original Complaint and the



Answer.

Next, Answer ¶3 purports to deny the corresponding allegation of Complaint ¶3 on the ground that "the subject plan description speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the only three alternatives that <u>are</u> permitted by Fed. R. Civ. P. ("Rule") 8(b) in response to all allegations, including those regarding the contents of documents. No reason appears why Continental's counsel here should not respond by admitting the Complaint's allegation if it accurately describes the content of the part of the document that is referred to.

Finally, Continental's counsel has set out no fewer than eight so-called "affirmative defenses" ("ADs"). In material part (though not entirely) the defects in the ADs stem from their noncompliance with the fundamental nature of an AD as prescribed by Rule 8(c) and by the relevant case law. Those authorities uniformly teach that an AD occupies much the same role as a plea in confession and avoidance under common law, admitting plaintiff's allegations but stating some other reason that defendant is either not liable or is liable for less than plaintiff claims (as in the case of comparative negligence)--see,

2

e.g., <u>Bobbitt v. Victorian House, Inc.</u>, 532 F.Supp. 734, 736-37 (N.D. Ill. 1982), a decision approved in <u>Heller Financial, Inc. v. Midwhey Powder Co.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989)).

Here every one of Continental's purported ADs either is materially problematic or plainly does not survive even initial scrutiny:

AD 1. This AD is essentially equivalent to a Rule 12(b)(6) motion. But given the generous standard for viewing a complaint in that respect (see, e.g., <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)), it cannot fairly be said that Fawkes is out of court as a threshold matter.

AD 2. It is really nonsensical to assert that "ERISA preempts and displaces all of Plaintiff's state law claims." Fawkes has not in fact asserted any state law claims, though the Complaint does advert to the declaratory judgment section of the Illinois Code of Civil <u>Procedure</u>. Nothing in that reference suggests any reliance on state substantive law.

AD 3. In light of Complaint ¶¶4 and 5 (which must be deemed admitted for AD purposes), it cannot be said that the claims administrator's denial of Fawkes' claim for benefits "was not arbitrary or capricious."

AD 4. That applies as well to AD 4's assertion that the claims administrator's decision was correct.

3

AD 5. Continental cannot advance a claim of estoppel (though that doctrine is a legitimate subject for AD purposes) without providing some information as to _why_ such a defense is assertedly applicable. And that is so even under the expansive principles of notice pleading that govern federal actions.

AD 6. What has just been said is equally true of a purported waiver defense.

AD 7. This claim of failure to exhaust administrative remedies is directly at odds with the allegation of Complaint ¶10.

AD 8. Finally, it is pointless to say that Continental "reserves the right to name additional affirmative defenses as they become known in the course of this litigation." If and when that were to take place, Continental's counsel would have to notice up a proposed amendment to the Answer, to which Fawkes' counsel would have an opportunity to respond so that this Court might rule appropriately.

In sum, all eight of Continental's ADs are stricken, just as its Answer is stricken for the reasons stated earlier. Leave is granted to Continental to file an appropriate self-contained Amended Answer (including any properly assertable ADs) in this

Court's chambers on or before September 11, 2000.[1]

                              */s/ Milton I. Shadur*
                              Milton I. Shadur
                              Senior United States District Judge

Date:   August 29, 2000

---

[1] No charge is to be made to Continental for the added work and expense incurred in correcting counsel's errors. Continental's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).