# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5122 | **DATE** | 9/14/2000 |
| **CASE TITLE** | Melanie Fawkes vs. Continental Casualty Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Continental's second effort at a responsive pleading is also stricken, and again the no-charge requirement in footnote 1 of the Order will be applicable. It can only be hoped that the third time (a new pleading that must be filed on or before September 22, 2000) will prove the charm.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | SEP 1 5 2000 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING ED-7 | 9/14/2000 |
| SN | courtroom deputy's initials | 00 SEP 14 PM 2:25 | date mailed notice |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials |

Document Number: 6

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELANIE FAWKES,                )
                               )
            Plaintiff,         )
                               )
      v.                       )    No. 00 C 5122
                               )
CONTINENTAL CASUALTY COMPANY,  )
                               )
            Defendant.         )

MEMORANDUM ORDER

This Court's sua sponte August 29, 2000 memorandum order ("Order") addressed the Answer and Affirmative Defenses advanced by Continental Casualty Company ("Continental") to the ERISA-based Complaint brought against it by Melanie Fawkes ("Fawkes"). As Order at 1 stated, it was "issued sua sponte to require Continental counsel to return to the drawing board to correct some obvious and substantial flaws in that responsive pleading." Now Continental's counsel has indeed returned with a revised Answer and Affirmative Defenses--but counsel's newest effort compels the issuance of still another sua sponte memorandum order.

In several respects the Order's required compliance with this District Court's L.R. 10.1 has highlighted some impermissible current denials by Continental. Thus there appears to be no way in which Continental and its counsel can deny, in the objective good faith required by Fed. R. Civ. P. ("Rule") 11, everything that Fawkes has alleged in Complaint ¶2. And no doubt

whatever also exists on that score as to the unacceptability of Answer ¶3:

    1. If Continental's counsel had followed the plainly-marked roadmap set out in the second sentence of Rule 8(b) as the only basis for getting the benefit of a deemed denial, it is extraordinarily doubtful that the required disclaimer could have been made in objective good faith. Complaint Ex. A has all the obvious hallmarks of a summary plan description that bears the name of Computer Sciences Corporation, and unless Continental has some predicate for viewing the photocopied document as bogus it can scarcely assert that it lacks sufficient information to form a <u>belief</u> as to Fawkes' allegation in that respect.

    2. It is troublesome to find Continental responding with a flat-out and unelaborated denial that the Complaint Ex. A document says what Fawkes has alleged in Complaint ¶3. After all, Complaint ¶3 is a direct and almost verbatim recital of the language in the "Total Disability" paragraph of that summary plan description, with the sole exception of an obvious typographical error in Fawkes' counsel having mistaktenly inserted the word "disabled" in place of "qualified" in the last line of the allegation. If

2

that obvious mistake is indeed the flaw that has given rise to the denial, it would seem that ordinary candor would call for Contiental's counsel to say just that. It also seems possible that the straight-out denials in Answer ¶¶6, 7 and 9 are problematic in whole or in part, but that possibility can remain for future consideration.

Finally, the Order has already characterized as "really nonsensical" what Continental had earlier advanced as its Second Affirmative Defense. Yet the same contention has inexplicably reappeared as the claimed Affirmative Defense in the new pleading. To repeat, because there is no ambiguity as to whether Fawkes is claiming any rights under state law, the current Affirmative Defense is stricken.

Accordingly, Continental's second effort at a responsive pleading is also stricken, and again the no-charge requirement in footnote 1 of the Order will be applicable. It can only be hoped that the third time (a new pleading that must be filed on or before September 22, 2000) will prove the charm.

                                                  */s/ Milton I. Shadur*
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Dated: September 14, 2000