# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5122 | **DATE** | 9/29/2000 |
| **CASE TITLE** | Melanie Fawkes vs. Continental Casualty Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Continental's most recent version of the Answer and Affirmative Defenses is stricken, with leave granted to file a Third Amended Answer in this Court's chambers on or before October 6, 2000. Needless to say, Continental is to be spared the expense (both in terms of fees and out-of-pocket costs) of all of counsel's efforts that have followed the initially filed Answer.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 02 2000 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 SEP 29 PM 3: 25 | 9/29/2000 date mailed notice |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELANIE FAWKES,               )
                              )
              Plaintiff,      )
                              )
         v.                   )  No. 00 C 5122
                              )
CONTINENTAL CASUALTY COMPANY, )
                              )
              Defendant.      )

MEMORANDUM ORDER

Counsel for defendant Continental Casualty Company ("Continental") has already prompted not one but two sua sponte memorandum orders (the first issued on August 29, 2000 and the second on September 14) "to require Continental's counsel to return to the drawing board to correct some obvious and substantial flaws" in two successive responsive pleadings to the ERISA-based Complaint brought against Continental by Melanie Fawkes ("Fawkes"). It would be an understatement to characterize Continental's counsel as a slow learner, for even the third Answer and Affirmative Defenses received in the Clerk's Office on September 22[1] exhibits an extraordinary inability to read plain English.

---

[1] Continental's counsel has also created potential confusion by captioning all three abortive efforts at presenting an effective response identically: as its "Answer and Affirmative Defenses." When the next--and to be hoped final--version is filed, it should properly be captioned "Third Amended Answer" (there are no longer any Affirmative Defenses).

Both of the earlier memorandum orders expressly drew counsel's attention to Fed. R. Civ. P. ("Rule") 8(b) and to its identification of the only three alternatives that are available to a responsive pleader in addressing a complaint's allegations--either admission or denial or the invocation of a deemed denial by conforming precisely to the requirements of the second sentence of Rule 8(b). Indeed, the September 14 memorandum order--which referred to the "plainly-marked roadmap set out in the second sentence of Rule 8(b) as the only basis for getting the benefit of a deemed denial"--<u>expressly</u> adverted to the Rule's requirement that the responding party must assert that it lacks sufficient <u>information</u> to form a <u>belief</u> as to such an allegation.

It is frankly astonishing, then, that Continental's counsel has obviously read neither Rule 8(b) nor the two earlier memorandum orders. Instead, the third time has not proved the charm in two obvious respects (no comment is made here as to Continental's outright denial of the allegations of a number of paragraphs of Fawkes' Complaint, denials that constitute proper pleading and simply pose questions of fact):

> 1. Despite Rule 8(b)'s and the September 14 memorandum order's express requirement that a responding party disclaim <u>information</u> sufficient to form a belief to get the benefit of a deemed denial, Answer ¶2 asserts only the materially less demanding disclaimer of "knowledge" sufficient to form

2

a belief. It is obvious, and the drafters of Rule 8(b) plainly had in mind, that a person may form a belief based on information that the person considers reasonably persuasive, even though actual knowledge of the alleged fact (a much tougher standard to meet) is lacking. Answer ¶2 must be and is stricken.

2. Complaint ¶3 summarizes one provision of what Fawkes alleges to be the summary plan description given to her by her former employer Computer Sciences Corporation, enabling her to obtain insurance coverage from Continental. This Court's September 14 memorandum order talked specifically about that allegation--and if Continental's counsel were to be faithful to the command of Rule 8(b), it would be extraordinarily difficult to conceive of a good-faith disclaimer of Fawkes' allegation that Complaint Ex. A is indeed a copy of that summary plan description. Answer ¶3 is also stricken.

This memorandum order is issued with regret, but it is frankly difficult to maintain patience with lawyering of the type that has been exhibited here. Continental's most recent version of the Answer and Affirmative Defenses is stricken, with leave granted to file (as indicated earlier) a Third Amended Answer in this Court's chambers on or before October 6, 2000. Needless to say, Continental is to be spared the expense (both in terms of

3

fees and out-of-pocket costs) of all of counsel's efforts that have followed the initially filed Answer, and counsel are once again ordered to write their client to that effect (again sending a copy to this Court for information and not for filing).

                                            /s/ Milton I. Shadur
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: September 29, 2000

4